Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4361 | **DATE** | 12/11/2003 |
| **CASE TITLE** | GREGORY A. SAMUELS EL vs. FAIRBANKS CAPITAL CORP., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendant's Motion to Dismiss [doc. no. 10-1]. All other pending motions are denied as moot. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 1 2 2003 | |
| | Notified counsel by telephone. | date docketed | 17 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY A. SAMUELS EL, | ) |
| Plaintiff, | ) ) |
| v. | ) 03 C 4361 ) |
| FAIRBANKS CAPITAL CORP., and ALL OTHERS UNKNOWN TO PLAINTIFF, | ) ) Judge Ronald A. Guzmán ) ) |
| Defendants. | ) ) |

DEC 1 2 2003

## MEMORANDUM OPINION AND ORDER

In this diversity action, plaintiff, Gregory A. Samuels El, has brought suit seeking declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2003), against defendants Fairbanks Capital Corporation and all others unknown to plaintiff that he is the rightful owner of 741 North River Drive, Kankakee, Illinois. Defendant Fairbanks Capital Corporation moves to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants the motion.

## FACTS

Plaintiff is a member of the Moorish Science Temple of America ("MSTA"), which was founded in Chicago in 1925 and incorporated in 1928. According to plaintiff, the founder of the MSTA disclosed to his followers through his writings and sayings that it had been divinely revealed to him that his followers were to have dominion over territory "from North East and South-West Africa, across the Great Atlantis even unto the present North, South, and Central America and also Mexico and the Atlantis Islands." (Compl. ¶ 14.) To this end, the founder of

1

17

MSTA declared that he had put such property into trust for his followers and, according to plaintiff, "divested himself of dominion and control of the deed when he left it with the Recorder of Deeds, Cook County, Illinois without any qualifying words August 1, 1928." (Pl's Answer to Def's Mot. Dismiss ¶ 13.) In support of this, plaintiff has appended a variety of documents to his Complaint and Answer including various writings and recorded sayings of the founder of MSTA, multiple copies of the notice of incorporation of the MSTA, and blank Torrens title forms. According to plaintiff, the trust was activated in May 2000, though he did not have personal knowledge of it until July 2003. Plaintiff further states that there is ongoing litigation over the entire purported grant in the U.S. District Court in the District of Columbia, variously 01-cv-0097 or 01-cv-0097.19.

Additionally, plaintiff admits that he defaulted on a loan for the property at 741 North River Drive, Kankakee, Illinois in January 2002. (*Id.* ¶ 17.) This default resulted in foreclosure by defendant Fairbanks, followed by a sale of the property in May 2003 and a subsequent eviction notice directed to plaintiff. (*Id.* ¶ 17.) It is these last actions by defendant that induced plaintiff to file suit.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1117 (7th Cir. 1995). A dismissal pursuant to Fed. R. Civ. P. 12 (b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim on which relief may be granted." *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir.

2

2002). This is a liberal standard of review in which the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true, though this does require more than a bare assertion of legal conclusions. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). Documents attached to a complaint are considered part of the pleadings. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). All reasonable inferences are to be drawn in the plaintiff's favor. *Cozzi*, 250 F.3d at 574. In a diversity action, state law provides the substantive law while federal law provides procedural law. *Alper v. Altheimer & Gray*, 257 F.3d 680, 688 (7th Cir. 2001) ("The proper role of a federal court sitting in diversity jurisdiction is to apply state substantive law . . . .").

Plaintiff seeks a declaratory judgment that MSTA is the rightful owner of 741 North River Drive, Kankakee, Illinois as well as much larger territories. Where a person seeks to declare himself a rightful owner of real property, the proper avenue is a suit to quiet title. *Starnes v. Premier Trust Servs., Inc.*, No. 93 C 20007, 1993 WL 87711, at *5 (N.D. Ill. Mar. 26, 1993); *Lakeview Trust & Sav. Bank v. Estrada*, 480 N.E.2d 1312, 1327 (Ill. App. Ct. 1985).

"It is fundamental in an action to quiet title that a plaintiff must recover on the strength of his own title, although perfect title need not be established." *Starnes*, 1993 WL 87711, at *3; *see Marlow v. Malone*, 734 N.E.2d 195, 200 (Ill. App. Ct. 2000); *Lakeview*, 480 N.E.2d at 1327. To prevail, plaintiff must establish a superior title to that of defendants. *Marlow*, 734 N.E.2d at 200. Where the plaintiff does not hold title, he cannot maintain an action for quiet title. *Starnes*, 1993 WL 87711, at *3 ("A plaintiff with no title cannot bring an action to remove a cloud upon title."); *see Marlow*, 734 N.E.2d at 200; *LaSalle Nat'l Bank v. Kissane*, 516 N.E.2d 790, 793 (Ill. App. Ct. 1987); *Lakeview*, 480 N.E.2d at 1327.

In this case, plaintiff has effectively pleaded himself out of court by admitting that he defaulted on the mortgage on the property in question. (Compl. ¶ 17.) The property was subsequently foreclosed, sold, and plaintiff was given a notice of eviction. (*Id.*) Given that, plaintiff has no colorable claim to title. None of the other claims made or materials provided are relevant given this fact. The materials plaintiff relies on fail to establish a colorable claim of title on the part of the founder of MSTA to either the particular property foreclosed by defendants or to plaintiff's more general claim. Neither an assertion of divine revelation nor a blank Torrens form establish title to any property. *Ford v. Witwer*, 50 N.E.2d 714, 715 (Ill. 1943); 765 ILL. COMP. STAT. 5/3 (2003). Further, plaintiff as an alleged beneficiary of the purported trust would not have standing to bring such a suit. *Starnes*, 1993 WL 87711, at *2 (stating that a "beneficiary's interest in a land trust is in personal property and not real property").

Given the alleged facts and all reasonable inferences drawn therefrom, the Court concludes that plaintiff fails to state a claim to quiet title or assert ownership rights regarding the property in question. Having found that plaintiff's state law claims must be dismissed with prejudice, it is clear that plaintiff's purported claim under the Declaratory Judgment Act cannot, standing alone, survive the motion to dismiss. As a result, defendant has established that there are no set of facts under which plaintiff may prevail. Accordingly, the defendant's motion to dismiss is granted.

4

## CONCLUSION

For the reasons set forth above, the Court grants defendant's Motion to Dismiss [doc. no. 10-1]. All other pending motions are denied as moot. This case is hereby terminated.

SO ORDERED                                   ENTERED: 12/11/03

*[signature]*
HON. RONALD A. GUZMAN
United States Judge